NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RANFORD AUGUSTUS GROSSETT,

                Petitioner,

                v.

WAYNE MULLER., et al.,

                Respondents.

Civil Action No. 13-654 (JLL)

**OPINION**

**APPEARANCES:**

**RANFORD AUGUSTUS GROSSETT**, Petitioner pro se
A 039-750-915
Hudson County Correctional Center
35 Hackensack Avenue
Kearny, N.J. 07032

**SUSAN HANDLER-MENAHEM**, Counsel for Respondents
Office of the U.S. Attorney
970 Broad Street
Suite 700
Newark, N.J. 07102

**LINARES**, District Judge

Petitioner Ranford Augustus Grossett ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Hudson County Correctional Center in Kearny, New Jersey, pending his removal from the United States. On or about January 30, 2013, Petitioner filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, in which he challenged his detention. (ECF No. 1.) For the reasons stated below, this Court will deny the Petition.[1]

---

[1] In addition to Oscar Aviles, warden of Hudson County Correctional Center, Petitioner also has named various federal officials as respondents. The only proper respondent to a habeas petition

## I. BACKGROUND

Petitioner is a native and citizen of Jamaica. (Resp'ts' Answer 2.) He was admitted to the United States as a Lawful Permanent Resident on or about August 27, 1985. (*Id.*) Since being in the United States, Petitioner has been convicted of criminal possession of marijuana and/or criminal sale of marijuana at least twenty-nine times, between 1993 and 2010. (*Id.* at 3.) In August 2010, while Petitioner was incarcerated at Rikers Island Correctional Facility in New York, ICE identified him as a criminal alien subject to removal and placed a detainer on him. (*Id.*) On or about August 25, 2010, ICE arrested Petitioner when he was released from serving his criminal sentence. (*Id.*)

On September 1, 2010, ICE served Petitioner with a Notice to Appear ("NTA") charging him with being subject to removal pursuant to Section 237(a)(2)(B)(I) of the Immigration and Nationality Act (being convicted of a violation of a law relating to a controlled substance). The NTA was based on Petitioner's numerous convictions. (*Id.*) The Immigration Judge subsequently held a bond hearing and issued an oral decision denying bond. (*Id.*) Petitioner did not appeal that decision. (*Id.*) After two hearings on the merits, the Immigration Judge issued an Opinion on August 6, 2012 denying Petitioner's applications for relief and ordering him removed to Jamaica. (*Id.*) Petitioner appealed that decision and on November 30, 2012, the Board of Immigration Appeals ("BIA") denied Petitioner's claims and dismissed the appeal. (*Id.* at 4.)

Petitioner filed an appeal to the Second Circuit Court of Appeals on January 7, 2013 and requested a stay of deportation. *Grossett v. Holder*, No. 13-43 (2d Cir. Jan. 7, 2013). On

---

challenging current confinement is the warden of the facility where the petitioner is being held. Accordingly, Warden Oscar Aviles is the only properly named Respondent in this action, and the other named respondents will be dismissed from this action with prejudice. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Yi v. Maugans*, 24 F.3d 500 (3d Cir. 1994).

September 23, 2013, the Second Circuit denied Petitioner's appeal and denied his request for a stay of deportation as moot. *Id.* at ECF No. 42.

## II. DISCUSSION

### A. Legal Standards

#### 1. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

This Court has subject matter jurisdiction over this Petition under § 2241 because Petitioner was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95, 500 (1973), and because Petitioner asserts that his mandatory detention is not statutorily authorized by 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 226 (3d Cir. 2011).

#### 2. Relevant Statutes

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings, both before and after issuance of a final order of removal.

Title 8 U.S.C. § 1226 governs the pre-removal-order detention of an alien. Section 1226(a) authorizes the Attorney General to arrest, and to detain or release, an alien pending a

decision on whether the alien is to be removed from the United States, except as provided in subsection (c). Section 1226(a) provides, in relevant part,

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General-
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on-
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; ...

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part that:

> The Attorney General shall take into custody any alien who—
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or
>
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

"Post-removal order" detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90–day "removal period." The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). "An order of removal made by the immigration judge at the conclusion of proceedings ... shall become final ... [u]pon dismissal of an appeal by the Board of Immigration Appeals." 8 C.F.R. § 1241.1(a). During the removal period, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a) (2). Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a detained alien must be released if he can establish that his removal is not reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678 (2001); *Clark v. Martinez*, 543 U.S. 371 (2005).

**B. Analysis**

Based on the petition, it is unclear whether Petitioner is alleging his detention is governed by § 1226 or § 1231. Petitioner became subject to a final order of removal on November 30, 2012, when the BIA dismissed his administrative appeal. As of that date, Petitioner's detention ended under the pre-removal-order detention statute, 8 U.S.C. § 1226, and he has been detained pursuant to the post-removal-order detention statute, 8 U.S.C. § 1231, since that time. Therefore,

at the time he filed his petition on January 30, 2013, Petitioner was subject to a final order of removal and detained pursuant to § 1231.[2]

As noted above, § 1231(a)(2) requires the detention of aliens during the 90–day removal period and permits detention thereafter up a presumptively-reasonable six-month period. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Once the presumptively reasonable six-month period of post-removal-order detention has passed, a detained alien must be released if he can establish that his removal is not reasonably foreseeable. That is, the alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the government must come forward with evidence to rebut that showing. *Zadvydas*, 533 U.S. at 699–701.[3] There is no absolute entitlement to release at the end of the six-month presumptively-reasonable removal period. To

---

[2] In the Second Circuit, the filing of a petition for review of the final order of removal, accompanied by a motion for a stay of removal, triggers the application of a "forbearance policy" recognized by agreement between DHS and the Second Circuit under which DHS has agreed not to effectuate the removal of an alien while he or she has a petition for review pending in the circuit court. *See Persaud v. Holder*, Civil Action No. 10-6506, 2011 WL 5326465, at *1 (W.D.N.Y. Nov.3, 2011) (filing of petition for circuit court review of final order of removal, along with motion for stay of removal, triggers "forbearance policy"); *Luna–Aponte v. Holder*, 743 F.Supp.2d 189, 191 (W.D.N.Y. 2010) ("forbearance policy" prevents DHS from removing any alien who has requested a stay of removal with a petition for review of immigration order of removal). However, no court ordered a stay of Petitioner's removal. As such, 8 U.S.C. § 1231(a)(1)(B)(i) and § 1231 remain the operative statutes for Petitioner. *See Llorente v. Holder*, Civil Action No. 11-6940, 2012 WL 1191147 (D.N.J. Apr. 10, 2012); *Leslie v. Attorney Gen. of U.S.*, 678 F.3d 265 (3d Cir. 2012). Moreover, to the extent Petitioner intended to argue that during the time the "forbearance policy" was in effect, *i.e.* when he filed his habeas petition, he was detained pursuant to § 1226, said argument is now moot as the Second Circuit has since denied his appeal and dismissed his request for stay.

[3] *But see* 8 U.S.C. § 1231(a)(1)(C) ("The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.").

state a claim under *Zadvydas*, the six-month presumptively reasonable removal period must have expired at the time the Petition is filed; any earlier challenge to post-removal-order detention is premature and subject to dismissal. *See, e.g., Rodney v. Mukasey*, 340 F. App'x 761, 764–65 (3d Cir. 2009); *Akinvale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002).

In this case, Petitioner filed the instant petition on January 9, 2013, within the mandatory ninety-day detention period, and therefore, the Court will dismiss his petition at this time. Such dismissal is, of course, without prejudice to any claim Petitioner may have cause to assert should his future post-removal-order detention become unconstitutionally prolonged.[4]

## III. CONCLUSION

For the reasons set forth above, Petitioner's challenge to his post-removal-order detention will be dismissed without prejudice as premature.[5] An appropriate order follows.

Dated: 12/13/13

JOSE L. LINARES
United States District Judge

---

[4] In fact, the Court notes that Petitioner has already filed such a petition, which the Court will address in a subsequent opinion and order. *See Grossett v. Aviles*, Civil Action No. 13-5625 (JLL).

[5] To the extent Petitioner intended to challenge his underlying order of removal, this Court is without subject matter jurisdiction to hear that claim. Section 1252(g), as amended by the REAL ID Act. Pub L. No. 10943, 119 Stat. 231 (2005), explicitly bars judicial review by district courts of three classes of actions and decisions committed to the Government's discretion: "the 'decision or action to [(a)] commence proceedings, [(b)] adjudicate cases, or [(c)] execute removal orders.'" *Chehazeh v. Att'y Gen.*, 666 F.3d 118, 134 (3d Cir. 2012) (quoting *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999)). Thus, since Petitioner's immigration judge issued an order of removal and such order became administratively final upon affirmance by the BIA, Petitioner's challenges to the order or decision and request for a stay of removal could be entertained only by the Court of Appeals, not this Court. *See* REAL ID Act, 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act").